UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY SWARN,

    Defendant.

                                     /

Case No. 2:14-cr-20599-7

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [721]**

Defendant Gregory Swarn moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 721. Defendant primarily argued that an underlying kidney condition and a prescribed medication for eczema increases his risk of suffering severe illness from a COVID-19 infection. *Id*. at 4048. Defendant also suggested that he needs to care for an elderly parent. *Id*. at 4050. The Government opposed the motion. ECF 725. After reviewing the briefs, the Court will deny Defendant's motion for compassionate release.

**LEGAL STANDARD**

Under the First Step Act's compassionate release provision, the Court may modify a defendant's sentence only if: (1) they have exhausted all administrative remedies; or (2) thirty days have passed since the warden received the defendant's request for the BOP to bring a motion on their behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Defendant has the

1

burden of establishing that they have exhausted all their administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). A defendant fails to exhaust their administrative remedies when "the factual basis in the administrative request and the motion before the [C]ourt are different[.]" *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020). Here, Defendant has exhausted the compassionate release request. ECF 721, PgID 4052–54.

Because Defendant exhausted the request, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007). "Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (quotations and citations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual,

2

customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

## DISCUSSION

Defendant's reasons for compassionate release fall into two categories: health concerns related to COVID-19 and the need to care for an elderly parent. The Court will address each in turn.

I. <u>Health Concerns</u>

Defendant presented information to demonstrate that he has two medical conditions that increase his risk of contracting COVID-19 and of suffering severe illness if an infection occurs. ECF 721, PgID 4048. The first medical condition is chronic kidney disease. *Id.* at 4048, 4061. The Government admitted "that chronic kidney disease is identified by the CDC as a risk factor for serious illness from C[OVID]-19, and that [Defendant] has therefore shown greater susceptibility" to severe illness if he contracts COVID-19. ECF 725, PgID 4098. The second condition relates to Defendant's eczema medication. ECF 721, PgID 4048. According to

3

Defendant, the medication is a corticosteroid that has "immune-weakening" effects. *Id*.

But neither health condition is an "extraordinary and compelling reason[]" warranting a reduction in Defendant's sentence under § 3582(c)(1)(A). The Court is not persuaded that Defendant is sincerely concerned about the actual health risks of contracting COVID-19. Defendant declined to receive a COVID-19 vaccine in April 2021. ECF 725-4, PgID 4126. Vaccination significantly reduces the risk of infection. *See United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Courts in the Eastern District of Michigan have routinely "refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine." *Id.* (collecting cases).

Although Defendant is concerned about possible COVID-19 variants, vaccination would also alleviate those concerns. ECF 721; PgID 4046. The Centers for Disease Control and Prevention remains steadfast that "[t]he COVID-19 vaccines approved or authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant." Centers for Disease Control and Prevention, *Delta Variant: What We Know About the Science* (Aug. 26, 2021), https://bit.ly/3jhomVI [https://perma.cc/8C7T-L7JL]. As a result, concerns over variants, at this time, do not change the Court's analysis. *See United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021) (Goldsmith, J.) (rejecting a defendant's Delta variant concerns); *United States v. Jackson*, No. 11-

4

20493, 2021 WL 3417910, at *3 (E.D. Mich. Aug. 5, 2021) (Goldsmith, J.) ("[T]he Court will not grant [Defendant] release based on his alleged fear of variants."). Defendant's health concerns fail to rise to the level of "extraordinary and compelling" and therefore do not warrant a reduction in Defendant's sentence. § 3582(c)(1)(A)(i).

II. Need to Care for an Elderly Parent

In addition to raising the health concerns, Defendant also suggested that he was entitled to compassionate release because he needs to care for an elderly parent. ECF 721, PgID 4050. Courts in the Eastern District of Michigan routinely deny compassionate release motions when the extraordinary and compelling reason put forth by a defendant is the need to care for an elderly parent. *See United States v. Newton*, 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) (Drain, J.) ("[T]he fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant."); *United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *4 (E.D. Mich. Mar. 4, 2021) (Goldsmith, J.) ("However, 'simply having an elderly parent who may need assistance, and may be susceptible to COVID-19, is not, by itself, exceptional and does not justify early release.'") (quoting and citing *United States v. Benson*, No. 03-80139, 2021 WL 527280, at *2 n.1 (E.D. Mich. Feb. 12, 2021) (Cleland, J.)); *see also United States v. Coates*, No.13-cr-20303, 2020 WL 7640058, at *9 (E.D. Mich. Dec. 23, 2020) (Dawkins Davis, J.) ("[C]ourts have concluded that taking care of an ailing parent does not present an extraordinary and compelling reason to grant release.") (collecting cases and granting motion on other grounds). While the Court is sympathetic toward the

5

health condition of Defendant's parent, the Court will adopt the persuasive reasoning of other courts in the Eastern District of Michigan. Defendant's need to care for his elderly parent does not rise to the level of "extraordinary and compelling" and therefore does not warrant a reduction in Defendant's sentence. § 3582(c)(1)(A)(i).

## CONCLUSION

Neither Defendant's health concerns nor his need to care for an elderly parent meet the "extraordinary and compelling" standard for compassionate release. As a result, the Court will deny Defendant's motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [721] is **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager